IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD D. JONES,

    Plaintiff,

v.

PROGRESSIVE NORTHERN
INSURANCE CO., AUTO-OWNERS
INSURANCE CO., M&K AUTO SALES,
INC., and SANDRA J. HUDZIK,

    Defendants.

Case No. 19-CV-01234-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Progressive Northern Insurance Co. ("PNI") issued a policy of automobile insurance to Ronald Jones covering property damage to Jones's vehicle, which included underinsured motorist coverage with a policy limit of $100,000 (Doc. 25-1). Auto-Owners Insurance Co. ("AI") issued a policy of automobile insurance to M&K Auto Sales, Inc. ("M&K") covering property damage to M&K's vehicle, which included underinsured motorist coverage with a policy limit that exceeded $25,000 (*Id.*).[1] On August 17, 2012, Sandra J. Hudzik was test driving the M&K insured vehicle, with Jones accompanying her as a passenger, when it collided with another vehicle driven by Shannon Hahs at an intersection in Pontoon Beach, Illinois (*Id.*). Hahs's vehicle was insured under an automobile liability insurance policy with a limit of $25,000 (*Id.*).[2]

---

[1] Jones states that the actual policy limit is unknown, but, on information and belief, he claims that it exceeds $25,000.
[2] Automobile liability insurance policies only cover third-party damage and bodily injury caused by the insured. https://www.allstate.com/tr/car-insurance/liability-car-insurance-cover.aspx (last visited on Feb. 10, 2020).

Hahs's insurer subsequently paid Jones the $25,000 policy limit to settle his bodily injury claim (Doc. 25-1). Jones claims that he suffered injuries and damages in excess of the $25,000 paid by Hahs's insurer, and he is also entitled to the underinsured motorist benefits from either PNI or AI or both (*Id.*). Jones filed a complaint in the Circuit Court of Madison County, Illinois, on September 26, 2019, naming PNI, AI, M&K, and Hudzik as Defendants (*Id.*). Jones seeks declaratory judgment against PNI, AI, M&K, and Hudzik (Count I); breach of contract against PNI and AI (Count II); and arbitration of the suit with PNI and AI (Count III) (*Id.*).

On November 8, 2019, AI removed the case to this Court (Doc. 1).[3] AI asserted that removal was proper because complete diversity of citizenship exists between the parties, giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 25). Jones is a citizen of Illinois. AI is a Michigan corporation with its principal place of business in Michigan, and PNI is a Wisconsin corporation with its principal place of business in Ohio (Doc. 25, p. 6). Based on the different states of citizenship, if this case pitted only Jones against AI and PNI, then the parties would be diverse for the purposes of diversity jurisdiction. M&K and Hudzik, however, are citizens of Illinois like Jones (Doc. 10, p. 1). Although their Illinois citizenship would normally destroy diversity jurisdiction, AI claimed that Jones fraudulently joined M&K and Hudzik in an effort to defeat diversity jurisdiction and prevent removal to federal court. AI also stated that the amount in controversy for the claim exceeded $75,000 because the PNI policy had a limit of $100,000, and the AI policy had a limit of $25,000, leaving $100,000 still on the table for

---

[3] PNI later consented to removal (Doc. 16).

Jones after his recovery from Hahs's insurer.

On November 19, 2019, Jones filed a Motion to Remand and memorandum in support, asserting that he did not fraudulently join M&K and Hudzik (Docs. 10, 11). Jones also argued that the amount in controversy for the claim did not exceed $75,000 (*Id.*). AI filed a memorandum in opposition to the Motion to Remand on December 20, 2019 (Doc. 26).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No.

12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012). Failure to meet this burden results in remand of the removed case. 28 U.S.C. § 1447(c); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Allied-Signal*, 985 F.2d at 911); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D. Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

## ANALYSIS

### I. Fraudulent Joinder

In his Motion to Remand, Jones first argues that M&K and Hudzik, who are citizens of Illinois, were not fraudulently joined. Thus, Jones contends that there is no complete diversity of citizenship, and the case must be remanded to state court. At first blush, Jones appears correct.

On the surface, the Illinois citizenship of M&K and Hudzik destroys complete diversity. But a plaintiff may not join a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The "fraudulent joinder" doctrine, therefore, permits a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The Court's role in evaluating allegations of fraudulent joinder is "to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an instate defendant . . . not to ascertain the merits of [the] claim." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007) (quoting *Hill v. Olin Corp.*, No. 07–54, 2007 WL 1431865, at *4 (S.D. Ill. May 14, 2007)). Even if a state court might ultimately find that a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of this Court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) (if "intricate analysis of state law" is needed to dismiss claim, the claim may not be disregarded for purposes of diversity jurisdiction).

In his complaint, Jones alleges breach of contract against Defendants and further seeks a declaratory judgment and arbitration. In opposition to the Motion to Remand, AI argues that Jones's lone count against M&K and Hudzik, the request for declaratory judgment fashioned as Count I, neither seeks relief nor requests adjudication of any rights of M&K or Hudzik. In the alternative, AI argues that, even if M&K and Hudzik are deemed to have an interest in the declaratory judgment count, their interests are more

closely aligned with Jones's interests, and therefore, M&K and Hudzik should be realigned as plaintiffs, putting all of the Illinois citizens on one side of the suit.

AI's reasoning carries the day. While underlying parties in a vehicle collision may have an interest in the outcome of a coverage dispute brought by an insured against insurers in some cases, those parties still face no potential liability to the insured in a coverage suit. There is no claim that the insured can make against the underlying parties, and the parties are in no position to provide the relief requested by the insured. Without a legitimate claim to bring against M&K and Hudzik, it is clear that Jones has fraudulently joined M&K and Hudzik.

To resist this conclusion, Jones asserts that joining M&K and Hudzik was necessary. After all, says Jones, Hudzik was the driver of the vehicle at the time of the accident, and M&K was the owner of that vehicle and the insured under the AI policy. But M&K and Hudzik do not have a coverage dispute with Jones, and Jones does not have a coverage dispute with M&K and Hudzik. Furthermore, M&K and Hudziks' interests are contrary to the insurers because the actions or nonactions of Hudzik while driving the vehicle that day could directly affect the applicability of AI and PNIs' underinsured motorist coverage. Accordingly, the Court concludes that M&K and Hudzik have been fraudulently joined and that both parties must be dismissed from the suit.

## II. Amount in Controversy

Jones also argues in his Motion to Remand that the amount in controversy has not been met based on the value of the policies still in play. Therefore, Jones contends that,

regardless of diversity of citizenship, the case must be remanded to state court because of the value of the claim.

The statute regarding diversity jurisdiction requires that the amount in controversy must "exceed the sum or value of $75,000, exclusive of and interest and costs."  28 U.S.C. § 1332(a)(1). When a case is removed to federal court based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time of removal. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). The notice of removal need only include a good faith and plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

If a plaintiff contests the defendant's allegation or the court questions it, then the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006). Once a defendant does this, "the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Meridian Sec. Ins.*, 441 F.3d at 541. "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

Jones argues that since his PNI policy includes an underinsured motorist coverage limit of $100,000 and he has already recovered $25,000 from Hahs's insurer, the maximum recovery he can receive from this claim is $75,000 (Doc. 11). This argument insinuates that

the PNI policy recovery will be offset by whatever recoveries he receives from the other policies. AI responds that, based on viewing Jones's own pleadings, while the PNI policy limit is $100,000, the additional AI policy limit of $25,000 leaves $100,000 total still available even after the recovery from Hahs's insurer is offset (Doc. 26).

AI's argument is compelling. As Jones admits in his complaint, "he was entitled to the benefit of the underinsured motorist coverage provided by each policy" (Doc. 25-1). He also did not stipulate to damages of $75,000 or less, which raises the inference that he thinks his claim may very well be worth more. *See Oshana*, 472 F.3d at 512 (standing for the proposition that a plaintiff infers that the claim may be worth more than $75,000 when there is no stipulation to damages less than that) (quoting *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 999 (7th Cir. 2000)). So, it appears by Jones's own simplistic pleadings that he admits that more that $75,000 is available from the two remaining insurers. And Jones cannot refute this amount to a legal certainty without the policies, which are not part of the record at this point.

Furthermore, even taking Jones's argument about offsetting amounts from the two policies as true, plaintiffs are not limited to the amounts they request in their complaints in valuing the complaint as a whole. "Attorney's fees up to the time of removal also count toward the jurisdictional amount . . . ." *Oshana*, 472 F.3d at 512 (citing *Smith v. Am. Gen'l Life & Accident Ins. Co.*, 337 F.3d 888, 896–97 (7th Cir.2003) (collecting cases)). As a result, even if the claim amount was valued at $75,000 maximum, as Jones argues, the amount in controversy would *still* exceed the $75,000 threshold when including the attorney's fees for earlier work at the state court level. Accordingly, the Court concludes that the

amount in controversy exceeds the jurisdictional threshold of $75,000 mandated by statute, and the Court retains jurisdiction over the suit.

## CONCLUSION

For these reasons, Plaintiff Ronald D. Jones's Motion to Remand (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**